### In re: SILICON GRAPHICS, INC., Debtor,

**William Kuntz III, Appellant,**

v.

**Silicon Graphics, Inc., Appellee.**

**No. 08–5540–bk.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2009.

William Kuntz III, pro se, Nantucket, MA, for Appellant.

Adam Strochak (Shai Y. Waisman, on the brief), Weil, Gotshal & Manges, LLP, New York, NY, for Appellee.

PRESENT: ROBERT A. KATZMANN, DEBRA ANN LIVINGSTON and GERARD E. LYNCH, Circuit Judges.

## *SUMMARY ORDER*

In this appeal, Appellant challenges the district court's September 29, 2008 order affirming the bankruptcy court's June 20, 2007 order denying Appellant's motion to reinstate his claim against the bankruptcy estate. That claim had been expunged by the bankruptcy court's order entered January 9, 2007. We presume the parties' familiarity with the facts and issues in this appeal.

In an appeal from a district court order affirming a decision of the bankruptcy court, this Court reviews "the bankruptcy court decision independently accepting its factual findings unless clearly erroneous, but reviewing its conclusions of law *de novo.*" *Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69 (2d Cir.2006). Generally, the denial of a motion for reconsideration is reviewed for an abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998).

██ We AFFIRM, substantially for the reasons stated by the bankruptcy court. The court did not abuse its discretion in construing the motion to reinstate the claim as one for reconsideration of the bankruptcy court's order expunging the claim, nor did it abuse its discretion in denying the motion. Appellant's argument that opposing counsel was responsible for Appellant's failure timely to appeal because counsel failed to personally notify Appellant of items entered on the bankruptcy court docket is without merit, particularly so where those items were properly served upon Appellant at the address he had provided for that purpose. *See U.S. ex rel. McAllan v. City of New York,* 248 F.3d 48, 53 (2d Cir.2001) (per curiam)

(litigants have a duty to monitor the docket sheet for orders they wish to appeal).

We have considered all of Appellant's remaining arguments, and find them to be without merit.